UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 15-263-S |
| | § |
| ASHER ABID KHAN, | § |
|     Defendant | § |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Carolyn Ferko, Alamdar Hamdani, and Steven Mellin, Assistant United States Attorneys, the defendant, Asher Abid Khan ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Six of the Superseding Indictment. Count Six charges Defendant with Providing Material Support to a Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2339B, is imprisonment of not more than 15 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of life. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(j). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may

be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United

States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, and fully cooperate with the United States. Defendant understands and agrees that the United States will request that sentencing be deferred at its discretion to allow for cooperation.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes truthfully providing all information relating to any criminal activity known to Defendant, including but not limited to, individuals wanting to travel/join terrorist organizations, including, but not limited to the Islamic State of Iraq and the Levant (ISIL) and those individuals who have provided assistance to such organizations. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(b) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(c) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the Defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(d) Defendant agrees to provide to the United States all documents in his/her possession or under his control relating to all areas of inquiry and investigation; and

(e) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

**Waiver of Appeal and Collateral Review**

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the U.S. Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the U.S. Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing

Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count Six of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment as to Defendant;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the U.S. Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c) If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his/her role in the offense (if Defendant's offense level is 16 or greater).

(d) **Application of Sentencing Guidelines**. The Defendant understands that the U.S. Probation Office will calculate the Defendant's sentencing guideline(s) and make that calculation available to the Court, and that the Court will ultimately decide the applicability of any and all provisions of the United States Sentencing Guidelines.

(e) **Statutory Maximum of 15 Years.** Notwithstanding the applicable guideline ranges set forth above, the parties understand that the sentence ultimately imposed by this Court cannot exceed the statutory maximum of fifteen (15) years under Title 18, U.S. Code, Section 2339B.

11. Notwithstanding the above provisions, both the government and the Defendant reserve the rights to: (1) inform the U.S. Probation Office and the Court of all information relevant

5

to determining sentence; (2) dispute facts relevant to sentencing other than those agreed to herein; (3) seek resolution of disputed facts or factors in conference with opposing counsel and the U.S. Probation Office; (4) allocute at sentencing (consistent with promises by the government concerning recommended findings and punishment); and (5) request the Court to depart from the applicable supervisory guideline range based upon aggravating or mitigating factors.

## Agreement Binding

12. The United States agrees that it will not further criminally prosecute Defendant for offenses arising from conduct charged in the Superseding Indictment. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the U.S. Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

7

(c)  At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

16. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count Six of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt and are agreed to by the Defendant and the United States:

(a)  Starting in January 2014, while in Australia, Khan began recruiting S.R.G. to join ISIL with him as a fighter. S.R.G. was based in South Texas at the time;

(b)  At all relevant times, starting in December 2013, and through December 25, 2014, Khan knew that ISIL engages in, and has engaged in terrorist activity and terrorism, and that ISIL is a designated foreign terrorist organization;

(c)  For the purpose of joining ISIL, Khan sought out Mohamed Zuhbi also known as Mohamed Ibn Albaraa's ("Albaraa") assistance; Albaraa agreed to help Khan, including helping Khan once he arrived in Turkey.

(d)  In February 2014, Khan and S.R.G. began to plan their trip to Turkey for the purpose of joining ISIL in Syria as fighters. The plan included how to travel to Turkey and Syria without raising the suspicion of authorities, including devising a cover story for their travel;

(e)  Albaraa gave Khan instructions on how to reach him once Khan reached Turkey, including a Turkish cell phone number for reaching Albaraa. During this planning phase, it was Khan, and not S.R.G., who was in touch with Albaraa;

(f)  S.R.G. departed from George Bush International Airport in Houston, Texas, for Turkey on February 23, 2014. He transited through London. On February 24, 2014, Khan left Australia for Turkey via Malaysia;

(g)  While transiting through Malaysia, Khan—using electronic communications—gave S.R.G. advice about what to say if questioned by Turkish authorities about S.R.G.'s travel plans;

8

(h) On February 24, 2014, S.R.G. and Khan met in Turkey and Khan gave S.R.G. money knowing that S.R.G. intended to travel to Syria and join and fight with ISIL. Khan then departed Turkey and returned to the United States after his family tricked him into coming home;

(i) On or about February 26, 2014, after he returned to the United States, Khan contacted Albaraa, via electronic communications, with the purpose of introducing Albaraa to S.R.G. so that S.R.G. could enter Syria and join ISIL as a fighter with Albaraa's help;

(j) On or about February 26, 2014, Albaraa instructed S.R.G., who was in Turkey at the time, which hotel to visit, where to meet Albaraa, and how to recognize Albaraa;

(k) On or about February 27, 2014, S.R.G. confirmed to Khan that he had "been delivered :)," by Albaraa, but was not with ISIL yet;

(l) After S.R.G. arrived in Syria, he attended fighter training camps, and continued to have contact with Albaraa and Khan. On July 1, 2014, Khan told S.R.G., who had yet to reach ISIL, that S.R.G. should still try to get to ISIL;

(m) On or about August 11, 2014, S.R.G. informed Khan that he was finally with ISIL; and

(n) After September 2014, S.R.G. ceased all communications, and on December 25, 2014, S.R.G.'s mother received an electronic message explaining that her son had died, suggesting that he died while fighting

(o) On December 17, 2004, the United States Department of State designated al Qaeda in Iraq (AQI) as a Foreign Terrorist Organization under Section 219 of the Immigration and Nationality Act. On or about May 14, 2014, the United States Department of State amended the designation of AQI as an FTO to add the ISIL alias as AQI's primary alias. The State Department also added ISIS as another alias for AQI. To date, and through the time period relevant to these charges, ISIL has remained a designated FTO.

**Breach of Plea Agreement**

17. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains,

conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

18. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

19. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to

10

facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

21. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

22. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

23. Defendant stipulates and agrees that the property listed in the Superseding Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

24. Defendant agrees to forfeit any of his/her property, or his/her interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

25. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

26. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

27. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

28. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

29. This written plea agreement, consisting of sixteen (16) pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

30. The Defendant further agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L.

105-119 (Nov. 26, 1997), and will not file any claim under that law.

31. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on December 4, 2017.

_____
ASHER ABID KHAN, Defendant

Subscribed and sworn to before me on December 4, 2017
DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Abe Martinez
Acting United States Attorney

By: _____
CAROLYN FERKO *
Assistant United States Attorney
Southern District of Texas

_____
DAVID ADLER
Attorney for Defendant

\* by permission

13

Telephone:(713) 567-9562

_/s/_

ALAMDAR HAMDANI
Assistant United States Attorney
Southern District of Texas
Telephone:(713) 567-9305

_/s/_ *

STEVEN MELLIN
Assistant United States Attorney
Southern District of Texas
Telephone:(713) 567-9390

\* by permission

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 15-263-S |
| ASHER ABID KHAN,<br>      Defendant | § § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____      12/4/17_____
Attorney for Defendant                                  Date

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to

15


its terms.

_____        12/4/17
ASHER ABID KHAN, Defendant        Date

16