*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **4:15-CR-263-01** |
| | § | **JUDGE LYNN HUGHES** |
| **ASHER KHAN** | § | |

### DEFENDANT'S BRIEFING ON THE LAW AFFECTING RESENTENCING

*TO THE HONORABLE LYNN HUGHES*:

1.      Defendant Asher Khan provides the following authorities for the Court to consider when resentencing Khan:

Remand

2.      The Fifth Circuit remanded this case because:

> The district court's conclusion that the enhancement would result in impermissible double counting was mistaken.
> . . .
>
> The district court's conclusion that the enhancement does not apply to conduct intended to influence a foreign government was also mistaken.
> . . .
>
> Lastly, to the extent the district court reasoned that there are "degrees of terrorism," some of which were insufficient to satisfy the enhancement's requirements, the district court was also mistaken.
> . . .
>
> **As noted, the district court committed procedural error in concluding, as a matter of law, that the terrorism enhancement does not apply and therefore failing to determine whether, as a factual matter, the enhancement applies**. "[W]e must remand unless the error was harmless."  **To show that an error is harmless, Khan, as the proponent of the sentence, must show that the district court (1) would have imposed the same sentence if it had not made the error and (2) would have done so for the same reasons.  Then, Khan must demonstrate that the district court "was not influenced in any way by the erroneous Guidelines calculation."**  The record before us does not permit either conclusion. It is therefore necessary to vacate Khan's original sentence and remand for

resentencing.

*U.S. v. Khan*, ___ F.3d ___ (18-20519) (5th Cir. 2019) (Bolding added).

3.       The Fifth Circuit's opinion demonstrates that it believes the "terrorism enhancement" contained in U.S.S.G. § 3A1.4(a) should apply in Khan's case.  Consequently, Khan has not re-asserted his objection to the enhancement's application in his response to the revised presentence investigation report (PSR).  However, even if the enhancement is applied, this Court still has the authority to vary downward from the calculated Guidelines' range and sentence Khan to "time served" or any other sentence it deems appropriate for this case.

The Mandate Rule/Law Of The Case Doctrine

4.       At Khan's initial sentencing, the prosecution sought to have an additional two offense levels added pursuant to U.S.S.G. §2M5.3(b)(E) because the offense allegedly involved the provision of "funds or other material support or resources with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act . . ."  This Court rejected the enhancement.  *See* Sentencing Transcript, docket entry 130, pages 20-21.  The government did not appeal the Court's ruling on this issue.  The government is foreclosed from seeking this enhancement again because:

> . . . the mandate rule, which is a corollary or specific application of the law of the case doctrine, **prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand**.  This prohibition covers issues decided both expressly and by necessary implication, and reflects the jurisprudential policy that once an issue is litigated and decided, "'that should be the end of the matter.'"  **This rule is essential to the orderly administration of justice, as it is aimed at preventing obstinate litigants from repeatedly reasserting the same arguments** and at discouraging opportunistic litigants from appealing repeatedly in the hope of acquiring a more favorable appellate panel.

*U. S. v. Pineiro*, 470 F.3d 200 (5th Cir. 2006), *citing U.S. v. Matthews*, 312 F.3d 652, 657 (5th

Cir.2002). (Bolding added).

5.      "[A]s most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (*quoting Arizona v. California*, 460 U.S. 605, 618 (1983) (internal quotation marks omitted)). *See also U.S. v. Rhine*, ___ F.3d ___ (10-10037) (5th Cir. 2011).

6.      Although the revised PSR again includes this enhancement, this Court's prior ruling - and the government's decision not to appeal the ruling - mean the enhancement cannot be a factor at Khan's resentencing.  The same is true of the government's arguments that Khan was responsible for actions taken by Khan's friend, Abdullah Ali/Sixto Garcia.  This Court rejected that premise and the government did not appeal.

Post-Sentencing Conduct

7.      Khan's post-sentencing conduct, however, can and should be a factor at his resentencing. Reagrding resentencing, the Supreme Court holds:

> District courts post-Booker may consider evidence of a defendant's postsentencing rehabilitation at resentencing and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range. On remand, the District Court should consider and give appropriate weight to that evidence, as well as any additional evidence concerning [the defendant's] conduct since his last sentencing.
> . . .
>
> We hold that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range.

*Pepper v. United States*, 562 U.S. 476 (2011)

8.      "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in  the  human

failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U. S. 81, 113 (1996).  Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949).  *See also Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55 (1937)("*For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender.*").  Permitting sentencing courts to consider the widest possible breadth of information about a defendant "ensures that the punishment will suit not merely the offense but the  individual defendant." *Wasman v. United States*, 468 U. S. 559, 564 (1984).

9.      Although somewhat lengthy, the following excerpt from the Supreme Court's decision in *Pepper* is critical to Khan's resentencing:

> In light of the federal sentencing framework described above, we think it clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.
>
> . . .
>
> In addition, evidence of postsentencing rehabilitation may be highly relevant to several of the §3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.  For example, **evidence of postsentencing rehabilitation may plainly be relevant to "the history and characteristics of the defendant**." §3553(a)(1).  **Such evidence may also be pertinent to "the need for the sentence imposed" to serve the general purposes of sentencing set forth in §3553(a)(2) - in particular, to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training . . . or other correctional treatment in the most effective manner**." §§3553(a)(2)(B)–(D); see [*U.S.* v. *McMannus*, 496 F. 3d 846, 853 (8th Cir.  2007)] (Melloy, J., concurring) ("In assessing . . .deterrence, protection of the public, and rehabilitation, 18 U. S. C. §3553(a)(2)(B)(C) & (D),

there would seem to be no better evidence than a defendant's post-incarceration conduct"). **Postsentencing rehabilitation may also critically inform a sentencing judge's overarching duty under §3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in §3553(a)(2)**.

As the original sentencing judge recognized, **the extensive evidence of Pepper's rehabilitation since his initial sentencing is clearly relevant to the selection of an appropriate sentence in this case.  Most fundamentally, evidence of Pepper's conduct since his release from custody in June 2005 provides the most up-to-date picture of Pepper's "history and characteristics**." §3553(a)(1); see *United States* v. *Bryson*, 229 F. 3d 425, 426 (CA2 2000) ("[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing").  At the time of his initial sentencing in 2004, Pepper was a 25-year-old drug addict who was unemployed, estranged from his family, and had recently sold drugs as part of a methamphetamine conspiracy.  By the time of his second resentencing in 2009, Pepper had been drug-free for nearly five years, had attended college and achieved high grades, was a top employee at his job slated for a promotion, had re-established a relationship with his father, and was married and supporting his wife's daughter.  **There is no question that this evidence of Pepper's conduct since his initial sentencing constitutes a critical part of the "history and characteristics" of a defendant that Congress intended sentencing courts to consider**. §3553(a).

**Pepper's postsentencing conduct also sheds light on the likelihood that he will engage in future criminal conduct, a central factor that district courts must assess when imposing sentence.**  See §§3553(a)(2)(B)–(C); *Gall*, 552 U. S., at 59 ("*Gall*'s self-motivated rehabilitation . . . lends strong support to the conclusion that imprisonment was not necessary to deter Gall from engaging in future criminal conduct or to protect the public from his future criminal acts" (citing §§3553(a)(2)(B)–(C))).  **As recognized by Pepper's probation officer, Pepper's steady employment, as well as his successful completion of a 500-hour drug treatment program and his drug-free condition, also suggest a diminished need for "educational or vocational raining . . . or other correctional treatment**." §3553(a)(2)(D).  **Finally, Pepper's exemplary postsentencing conduct may be taken as the most accurate indicator of "his present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed upon him**." [*Pennsylvania ex rel. Sullivan* v. *Ashe*, 302 U. S. 51, 55 (1937)].  Accordingly, evidence of Pepper's postsentencing rehabilitation bears directly on **the District Court's overarching duty to "impose a sentence sufficient, but not greater than necessary" to serve the purposes of sentencing. §3553(a)**.

*Pepper v. United States*, 131 S. Ct. 1229 (2011) (Bolding added).

<u>Sentencing Procedure</u>

10.     After *United States v. Booker*, 543 U.S. 220 (2005), federal courts of appeals review

sentences for reasonableness.  *Id.,* at 261-62.  The Supreme Court has since clarified how a *Booker*

reasonableness review should be conducted:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range,
> the appellate court must review the sentence under an abuse-of-discretion standard.
> It must first ensure that the district court committed no significant procedural error,
> such as failing to calculate (or improperly calculating) the Guidelines range, treating
> the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a
> sentence based on clearly erroneous facts, or failing to adequately explain the chosen
> sentence – including an explanation for any deviation from the Guidelines range.
> **Assuming that the district court's sentencing decision is procedurally sound, the
> appellate court should then consider the substantive reasonableness of the
> sentence imposed under an abuse-of discretion standard**. **When conducting this
> review, the court will, of course, take into account the totality of the
> circumstances, including the extent of any variance from the Guidelines range**.
> If the sentence is within the Guidelines range, the appellate court may, but is not
> required to, apply a presumption of reasonableness.  **It may consider the extent of
> the deviation, but must give due deference to the district court's decision that
> the § 3553(a) factors, on a whole, justify the extent of the variance.  The fact that
> the appellate court might reasonably have concluded that a different sentence
> was appropriate is insufficient to justify reversal of the district court**.

*Gall v. United States*, 128 S. Ct. 586, 597 (2007) (citation omitted) (Bolding added).

11.     *Gall* requires the District Court to adequately explain the sentence it imposed.  Particularly,

"[a]fter settling on the appropriate sentence, [the sentencing judge] must adequately explain the

chosen sentence to allow for meaningful appellate review and to promote the perception of fair

sentencing."  *Gall*, 128 S. Ct. at 597 (*citing Rita v. United States*, 127 S. Ct. 2456 (2007)); *see also*

*Rita*, 127 S. Ct. at 2468 ("*The sentencing judge should set forth enough to satisfy the appellate court

that he has considered the parties' arguments and has a reasoned basis for exercising his own legal

decisionmaking authority*.") (citation omitted) and at 2469 ("*By articulating reasons, even if brief,

the sentencing judge not only assures reviewing courts (and the public) that the sentencing process*

*is a reasoned process but also helps that process evolve*."); cf. 18 U.S.C. § 3553(c) (*requiring district court, "at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence*").

12.     The D.C. Circuit cogently summarized the procedural requirements set forth in *Gall* (and elsewhere) that a district court must meet when it decides to impose a sentence outside of the applicable Guideline range:

> **Given the broad substantive discretion afforded to district courts in sentencing, there are concomitant procedural requirements they must follow**.  These requirements serve two primary purposes: they develop an adequate record so that appellate courts can perform substantive review, and they guarantee that sentencing judges continue "to consider every convicted person as an individual," Gall, 128 S. Ct. at 598.  Both the Sentencing Act and the relevant precedent spell out what a district judge must do.
>
> **The judge "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  Id. at 596.**
>
> **Next, after hearing argument from the parties, the judge should consider "all of the § 3553(a) factors to determine whether they support the sentence requested by a party," and "make an individualized assessment based on the facts presented."**  Gall, 128 S. Ct. at 596-97; see also 18 U.S.C. § 3553(a); § 3583(e)(3) (citing particular § 3553(a) factors as relevant for a decision to revoke supervised release).
>
> **If the court decides to impose a sentence outside the Guidelines, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."** Gall, 128 S. Ct. at 597.
>
> **In particular, "a major departure should be supported by a more significant justification than a minor one."** Id.  **Finally, the judge "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing**." Id.
>
> **The degree of explanation required depends on the circumstances**.  At a minimum, a sentencing judge must "state in open court the reasons for [his] imposition of the particular sentence."  18 U.S.C. § 3553(c).  **If the sentence departs from the relevant guideline or policy statement, the reasons "must also**

**be stated with specificity in the written order of judgment and commitment."**
§ 3553(c)(2).

*In re Sealed Case*, F.3d , 2008 WL 2245367, at *2 (D.C. Cir. 2008) (Bolding added); *see also U.S.*

*v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied* 546 U.S. 828 (2005).

13.     As the Fifth Circuit stated in *Mares*,

> [W]hen the judge elects to give a non-Guideline sentence, she should carefully
> articulate the reasons she concludes that the sentence she has selected is appropriate
> for that defendant.  **These reasons should be fact specific and include, for
> example, aggravating or mitigating circumstances relating to personal
> characteristics of the defendant, his offense conduct, his criminal history,
> relevant conduct or other facts specific to the case at hand which led the court
> to conclude that the sentence imposed was fair and reasonable**.

*Mares*, 402 F.3d at 519 (footnote omitted) (Bolding added).

14.     Simply stating that the sentence was warranted pursuant to 18 U.S.C. § 3553(a) will not

suffice.  A district court must do more than utter that it has considered a statutory sentencing factor

when exercising or declining to exercise its discretion at sentencing.  *See U.S. v. Cunningham*, 429

F.3d 673, 679 (7th Cir. 2005).  A rote utterance does not allow for appellate review of the district

court's discretionary decision and constitutes either a failure of the district court to exercise or to

show that it exercised its discretion.  *Cunningham*, 429 F.3d at 679.  *See also U.S. v. Castillo*, 430

F.3d 230 (5th Cir. 2005) (*vacating departure downward where there was no evidence to support

departure ground that the defendant would be endangered in prison on account of his illness*).

15.     When resentencing Khan, this Court is required to consider the Guidelines but is not required

to follow them.  The Supreme Court's decisions "post-*Booker* make clear that a district court may

in appropriate cases impose a non-Guidelines sentence based on a disagreement with the

Commission's views."  *Pepper v. United States*, 131 S. Ct. 1229, 1247 (2011).  "In appropriate

cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly." *U.S. v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

<u>Conclusion</u>

16.     At resentencing, this Court is required to calculate Khan's sentence under the advisory Guidelines.  However, the mandate rule and law of the case doctrine preclude reapplication of a two offense level enhancement pursuant to U.S.S.G. §2M5.3(b)(E).

17.     Afterwards, the Court is free to determine if the factors listed in 18 U.S.C. §3553(a), and the requirement that Khan's sentence be sufficient but not greater than neccessary to meet the goals of the sentencing statute, warrant a downward variance.  In making this determination, the Supreme Court instructs that Khan's post-sentencing conduct can be considered.

18.     According to 18 U.S.C. §3553(a), this Court, *shall* consider the following in determining the particular sentence to be imposed:

(1) **the nature and circumstances of the offense and the history and characteristics of the defendant;**

(2) **the need for the sentence imposed** -

        (A) **to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

        (B) **to afford adequate deterrence to criminal conduct;**

        (C) **to protect the public from further crimes of the defendant;** and

        (D) **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

(3) **the kinds of sentences available;**

(4) **the kinds of sentence and the sentencing range established for** -

        (A) **the applicable category of offense committed by the applicable category of**

9

**defendant as set forth in the guidelines** -

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

        (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) **any pertinent policy statement** -

        (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) **the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**; and

(7) **the need to provide restitution to any victims of the offense**.

(Bolding added).

19.    The Court should address each of these factors when announcing Khan's sentence.  The totality of the facts in this case - including Khan's post-sentencing conduct - warrant the re-imposition of Khan's original 18 months imprisonment or a sentence of "time served.".

Respectfully submitted,

/s/ David Adler
_____

David Adler
State Bar of Texas 00923150
Southern District of Texas 17942
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Asher Khan

CERTIFICATE OF SERVICE

A copy of this pleading was provided to the AUSA via e-mail on October 28, 2019.

/s/ David Adler
_____

David Adler

11