## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 15-263-S-1 |
| | § | |
| ASHER ABID KHAN, | § | |
| Defendant | § | |

## MOTION TO DETAIN DEFENDANT PENDING RE-SENTENCING

The United States of America hereby moves to detain Defendant Asher Abid Khan

under 18 U.S.C. § 3143(a)(2) pending his re-sentencing.

### I.     NATURE AND STAGE OF THE PROCEEDINGS

This case arrives at this Court after several trips to the Fifth Circuit.  On December 4,

2017, in the U.S. District Court for the Southern District of Texas before the Honorable

Lynn N. Hughes, Defendant Asher Khan, after pleading guilty, was convicted of providing

material support to the Islamic State of Iraq and Syria ("ISIS").  ISIS is an ultra-violent

jihadist group formally designated by the U.S. Department of State as a foreign terrorist

organization. *See United States v. Khan*, 938 F.3d 713, 714 (5th Cir. 2019) ("Khan I"). A

few months later, the district court sentenced Khan to 18 months of imprisonment, followed

by five years of supervised release. *Id.* at 717. The United States appealed, and the Fifth

Circuit vacated Khan's sentence on the ground that Judge Hughes committed procedural

error in concluding, as a matter of law, that the terrorism enhancement did not apply in

calculating the advisory Guidelines sentence. *Id.* at 714.

On remand, Judge Hughes applied the terrorism enhancement, resulting in a 15-year advisory Guidelines sentence, but then reimposed the 18-month term of imprisonment by varying downward from the advisory Guidelines sentence by 90 percent. *United States v. Khan*, 997 F.3d 242, 246 (5th Cir. 2021) ("Khan II"). So, the United States appealed again. On May 6, 2021, the Fifth Circuit vacated Judge Hughes's sentence again on the ground that the sentence was substantively unreasonable because the district court did not account for a sentencing factor that should have received significant weight. *Id.* at 244. This time, however, the Fifth Circuit remanded the case to the Chief Judge of the Southern District of Texas for reassignment.  Khan petitioned the Fifth Circuit for rehearing en banc, but the Fifth Circuit denied the petition. After the mandate issued on September 21, 2021, the Chief Judge of the Southern District of Texas reassigned the case to this Court for re-sentencing.

## II.   RELEVANT FACTS

### A.  Asher Khan's Criminal Conduct

In 2013, Khan—a U.S. citizen, then 19 years old and living in Houston, Texas— began discussing and publicizing his radical Islamist views online.  Khan became frustrated with life in the West and, in October 2013, moved to Australia.  While in Australia, Khan promoted the activities of ISIS online and expressed his desire to travel to the Middle East to fight for ISIS.

On January 6, 2014, Asher Khan reached out from Australia to an old friend in Texas, Sixto Ramiro Garcia and told him he planned "to join the Islamic state of Iraq and sham," and then quickly asked Garcia if he wanted to accompany him. After Garcia agreed,

2

Khan told him to "do some research on ISIS (islamic state of Iraq and sham)," and so began Khan's quest to recruit, educate, and help deliver his friend from the Rio Grande Valley to a brutal terrorist group in Syria.

Khan planned to accompany Garcia to ISIS as a fighter, and even made it to Turkey with him, but at the last minute Khan changed his mind after his family tricked him by falsely claimed that his mother was sick and needed him home. So, he gave Garcia his cash, and left him alone in Turkey waiting for Khan's next set of instructions. As soon as Khan returned home to Houston, he gave those instructions as well as his ISIS contact, Mohamed Zuhbi. Zuhbi's specialty included delivering foreign fighters to ISIS's ranks from his home base in Turkey. Over the next six months, Khan and Garcia stayed in contact. Khan encouraged Garcia's ISIS quest and Garcia kept him in the loop, all while Zuhbi worked to deliver Garcia to ISIS. Finally, on August 11, 2014, Garcia proclaimed to Khan he had made it to ISIS. On that same day, Garcia proclaimed to another friend that he was with ISIS because of Zuhbi's help. Then a month later, Garcia's communications went dark. He was never heard from again. On Christmas Day, 2014, Garcia's mother received a message through Garcia's Facebook account from one of Garcia's friends in Syria. The friend explained that Garcia had gone to fight in Iraq "where we believe he attained martyrdom." The United States believes Garcia is dead.

3

**B.  Charges, Requests to Detain, Guilty Plea, and Amended Judgment**

1.  <u>The Charges</u>

Khan was arrested in May 2015 and was charged with conspiracy and attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.  (D.E. 4). In March 2016, the grand jury charged Khan and Zuhb[1]i in a six-count superseding indictment.  The indictment alleged (1) conspiracy to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1); (2) conspiracy to commit murder in a foreign country, in violation of 18 U.S.C. § 956(a)(1); (3) conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a); (4) attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1); (5) attempting to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a); and (6) providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1).  (D.E. 52).

2.  <u>The Detention Requests</u>

Upon his arrest in 2015, the United States sought to detain Khan. Magistrate Judge Nancy K. Johnson denied that request and ordered Khan's pretrial release with conditions for release which included, inter alia, executing an unsecured bond of $150,000, with a

---

[1] In May 2021, the Australians brought terrorism-related charges against Zuhbi, an Australian citizen, upon his return to Australia from Turkey.  Zuhbi had just spent several months in Turkish custody before Turkey deported him back to Australia.  Zuhbi is currently pending trial in Australia.

$25,000 cash deposit; report to pretrial services weekly; surrender passport(s); obtain no passport; refrain from possessing a firearm, destructive device, or other dangerous weapon; home detention except for medical needs or treatment, court appearances, lawyer visits, religious visits, and school; Active Global Positioning Satellite ("GPS") monitoring; and no access to the Internet, computers, smartphones, and Wi-Fi (D.E. 32).

On the morning of June 2, 2015, the Government filed a 16-page Motion for Stay and Revocation of Release Order with Judge Hughes (D.E. 15, under seal).  Less than two hours later, Judge Hughes conducted a conference on the motion in chambers, with a court-reporter and the parties present.  (D.E. 28).  At the conclusion of the conference, Judge Hughes, after admitting he had not read the record of the pretrial detention hearing, orally denied the Government's motion for stay and for revocation of the order.   (D.E. 28 at 25, 32).  Judge Hughes later entered a written order granting release, adopting and modifying the magistrate judge's conditions of release (the "Pretrial Release Order"). (D.E. 22).   The modification included that Khan was restricted to his home at all times except to meet with pre-trial services or his attorney at his attorney's office, to attend college after pre-trial services approved his class schedule and classroom locations; for medical needs or treatment; and court appearances pre-approved by the pre-trial services office or supervising officer (D.E. 22).  On June 2, 2015, hours after Judge Hughes issued the Pretrial Release Order, the United States appealed to the Fifth Circuit Court of Appeals seeking to revoke the order. (D.E. 20). On June 16, 2015, the Fifth Circuit, with one judge dissenting, denied the United States's request to revoke the Pretrial Release Order.

5

After Khan's release, Judge Hughes modified the Pretrial Release Order a few times more, giving Khan the ability to work, use a computer, use a University of Houston bowling alley and fitness center, and to buy clothes. (D.E. 43, 48, _61).

    3.  <u>Guilty Plea</u>

On December 4, 2017, Khan pleaded guilty to providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1).  (D.E. 102).  In the plea agreement, Khan admitted that he had recruited Garcia to join ISIS with him "as a fighter"; that, at least from December 2013 and through December 25, 2014, he knew that ISIS "engages in, and has engaged in[,] terrorist activity and terrorism, and that [ISIS] is a designated foreign terrorist organization"; that he had traveled to Turkey for the purpose of joining and fighting with ISIS in Syria; and that he had given Garcia money and other assistance knowing that Garcia intended to join and to fight with ISIS. (D.E. 102 at 8-9).  Understanding Judge Hughes desire to not detain Khan, the United States did not seek Khan's detention pending the sentencing, and the Court ordered Khan remain free on the above bond conditions.

At Khan's sentencing on June 25, 2018, the United States sought an Advisory Guideline sentence of 180 months, but the Court refused to apply a terrorism related enhancement under Section 3A4.1 of the United States Sentencing Guidelines, and sentenced Khan to only 18 months.  (*Khan I* at 716-16).  The Court allowed Khan to continue free on bond pending his self-surrender.  Khan surrendered on September 10, 2018. (D.E. 148).

4. <u>The Amended Judgment, Release, and Reversal</u>

The Court of Appeals vacated Khan's sentence and remanded the case back to Judge Hughes for re-sentencing, finding Judge Hughes should have applied the terrorism enhancement in calculating the advisory Guidelines sentence.  On December 13, 2019, Judge Hughes conducted Khan's re-sentencing. At the re-sentencing, the United States again requested a guideline 180-month sentence. (*Khan II* at 246).  Although Judge Hughes followed the Fifth Circuit's edict and applied the terrorism enhancement, he still sentenced Khan to only 18 months (the "Amended Judgement"). *Id.*  (D.E. 188).  Khan completed his 18-month sentence on November 26, 2019 and was released by BOP.

With the Fifth Circuit's May 6, 2021 decision to vacate the Amended Judgment and reverse Khan's 18-month sentence, Khan is back to the procedural position he was immediately following his December 4, 2017 re-arraignment; a convicted terrorist awaiting sentencing.  Thus, pursuant to 18 U.S.C. § 3143(a)(2), the United States requests Khan be detained pending his sentencing, a sentencing where the United States expects to seek a 180-month guideline sentence.

## III.   STATEMENT OF THE ISSUE

Whether the Court must order Khan detained pending sentencing under 18 U.S.C. § 3143(a)(2).

## IV.   AUTHORITY

Title 18, Section 3143(a)(2) mandates that defendants convicted of offenses set forth in subparagraphs (A), (B) and (C) of 18 U.S.C. § 3142(f)(1) be detained pending sentencing

7

unless "(1) the court finds that there is a substantial likelihood that a motion for acquittal or a new trial will be granted or the government recommends that no sentence of imprisonment be imposed; and (2) the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community." *United States v. Posada*, 109 F.Supp.3d 911, 912 (W.D.Tex. June 3, 2015) (citing 18 U.S.C. § 3143(a)(2)(A)-(B)) (emphasis added).   Section 3142(f)(1)(A) includes offenses listed in 18 U.S.C. § 2332b(g)(5)(B) with maximum terms of imprisonment of ten or more years. One of the offenses listed in 18 U.S.C. § 2332b(g)(5)(B) is providing material support to a designated foreign terrorist organization, in violation 18 U.S.C. § 2339B.  Khan's violation of Section 2339B carries a maximum term of fifteen years in prison.

After finding that a convicted defendant is eligible for detention under 18 U.S.C. 3143(a)(2), the Court, under 18 U.S.C. § 3145(c), may still release the defendant pending sentencing if "there are 'exceptional reasons' why their detention would be inappropriate." *United States v. Carr,* 947 F.2d 1329, 1240-41 (5th Cir. 1991) (interpreting 18 U.S.C. § 3145(c)).  While the Fifth Circuit has not provided a definition or guidance as to what constitutes "exceptional reasons," other circuits have.  *See Posada*, 109 F.Supp.2d at 913. The United States Court of Appeals for the Second Circuit offers a definition, stating that "exceptional reasons" means "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Eighth Circuit has explained that " 'exceptional' means 'clearly out of the ordinary, uncommon, or rare.' " *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007)

8

As one court has explained "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.' " *United States v. Thomas*, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

## V.     ARGUMENT

Khan pled guilty to providing material support to a designated foreign terrorist organization, a violation of 18 U.S.C. 2339B, one of the offenses listed in section 2332b(g)(5)(B), and part of a category of offenses set forth in 18 U.S.C. § 3142(f)(1)(A). As a result, Khan's count of conviction makes him eligible for mandatory detention prior to sentencing.  Further, Khan will not be seeking a motion for acquittal or a new trial because he pled guilty in lieu of a trial.  Also, the United States will certainly be seeking a sentence of imprisonment consistent with its prior requests seeking an advisory Guideline sentence of 180 months.    Thus, absent Section 3145(c) "exceptional reasons," Section 3143(a)(2) requires that the Court detain Khan pending his sentencing even if Khan were to provide clear and convincing evidence that he is "not likely to flee or pose a danger to any person or the community."  18 U.S.C. § 3143(a)(2) & 3145(c).

## VI.    CONCLUSION

For all these reasons, the United States asks that the Court detain Khan pending his re-sentencing.

Respectfully submitted,

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

By:    /s/ Alamdar S. Hamdani
ALAMDAR S. HAMDANI
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002
(713) 567-9305

CAROLYN FERKO
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002

REBECCA A. MAGNONE
Trial Attorney
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue NW
Suite 7600
Washington, DC 20530

## CERTIFICATE OF WORD COUNT

This is to certify that this motion contains less than 5,000 words.

*Alamdar S. Hamdani*
Alamdar S. Hamdani


## CERTIFICATE OF CONFERENCE

The United States has conferred with counsel for Defendant Khan, David Adler, and Defendant Khan opposes this motion's request.

*Alamdar S. Hamdani*
Alamdar S. Hamdani


## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, a true and correct copy of the foregoing has been emailed to David Adler, counsel of record for the defendant.

*Alamdar S. Hamdani*
Alamdar S. Hamdani

11